Nott, Ch. J.,
delivered the opinion of the court:
The invariable rule which has governed the court in this class of cases, that is, of cases for war damages, is this:
The court allows only for property taken to be used, and only for the value to the Government of the thing taken. That is to say, the court has never allowed for property taken to be destroyed, or for the damages which the owner suffered by reason of the taking. Where houses were torn down and trees felled for military reasons, nothing has been allowed. Where fruit trees and shade trees and fences were taken for fuel, the owner has been allowed only for so much cordwood. Where a building was torn down and the material used, the allowance has been for so much old brick an d second-hand lumber. Where a blooded stallion was taken for army use, the allowance has been simply for a cavalry horse. Where an imported cow was killed and eaten by the troops, the allowance has been only for so much beef. Where the property taken was of a kind which could not properly be regarded as quartermaster or commissary stores, or as hospital supplies, or engineers’ material, the taking has been regarded as due to the depredations of individuals, and nothing has been allowed. In a word, the general principle which governs the court is that the amounts allowed *341 are to be only to tbe extent of tbe benefit wbicb tbe Government received by tbe taking, not for tbe injury wbicb tbe owner suffered.
Tbe present case, in finding the value of tbe building, may seem' a departure from the rule wbicb has hitherto governed tbe court — tbe first and only exception out of tbe hundreds of cases of war claims wbicb have been tried and disposed of in tbe course of tbe last fifteen years. Tbe reason for this departure from a well-settled rule is this: Tbe proceeding in cases coming into this court under tbe Bowman Act is not to obtain a judgment fixing with finality tbe legal rights and liabilities of tbe parties, but simply a proceeding to procure for Congress authenticated information necessary for them to possess in matters coming before them for legislative action. It is consequently tbe duty of tbe court to ascertain and certify to Congress such facts as will be available and useful when tbe question of legislative relief shall come before tbe two Houses.
In cases of religious and charitable institutions and institutions of learning Congress have in repeated instances laid down a different rule than that hereinbefore adverted to as tbe rule of this court for what may be termed the measure of damages. In other words, whenever Congress have given relief for tbe destruction of such a building, tbe legislative rule in repeated instances has invariably been to allow for tbe value of tbe building as a building. Tbe case before us is a case of that description. Tbe court accordingly finds tbe value of the building as it stood when tbe military authorities took possession of it. Whether tbe owners are entitled or not entitled to that or to any relief is not a question before tbe court. It rests entirely within tbe legislative discretion.